# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BUENAVENTURA OLIVAS-MUNOZ,**

    Movant/Defendant,

vs.                                                     **CIVIL NO. 05-0826 BB/DJS**
                                                                     Criminal No. 04-945 BB

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Big Springs, Texas, as a result of his conviction for illegal re-entry after deportation by an alien previously convicted of an aggravated felony, contrary to 8 U.S.C. §1326(a)(1) and (2) and 8 U.S.C. §1326(b)(2). Following his conviction pursuant to a guilty plea, Movant was sentenced to forty-six months imprisonment. The judgment imposing that sentence was entered on August 17, 2004. Movant did not file a direct appeal, which is not surprising given the fact that his plea agreement included a waiver of his right

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

to appeal, with the exception that an appeal would have been permissible if the Court had departed upward from the applicable sentencing guideline range. The Court sentenced Movant within the guideline range, leaving no ground for him to appeal.

2. Despite the explicit waiver of his right to appeal contained in the plea agreement, in the instant motion Movant asserts that he was denied effective assistance of counsel in part by counsel's failure to appeal the conviction. In addition, Movant asserts that his attorney failed to advise him of the consequences of his guilty plea and of the enhancement to his sentence from his prior convictions and that his attorney failed to research the case properly. He states that his attorney told him he would receive a thirty-six month sentence, rather than the forty-six month sentence he is currently serving. Movant also contends that he was not informed of his right to speak to the Mexican consul and notes that he does not understand English. In its Response to the Motion to Vacate, Respondent asserts that Movant is not entitled to relief on his claims.

3. The Court agrees that Movant is not entitled to relief on any of the claims he presents to the Court. In evaluating a claim of ineffective assistance of counsel, the Court must apply the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

4. Movant's task of showing that the results of his proceeding would have been different but for his counsel's deficient performance is made more difficult by the fact that it has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements

necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Movant's contention that his attorney was ineffective for failing to research his case properly is insufficient to state a claim for relief, in that Movant does not indicate what defense or exculpatory information would have been uncovered by further research or investigation. The case against Movant was straightforward; he was found in this country after being deported and was found to have committed an aggravated felony, to wit, conspiracy to possess with intent to distribute marijuana, during a previous illegal stay in the United States. At his plea hearing, Defendant admitted that he had reentered the United States and acknowledged his previous felony conviction. Transcript of Plea Hearing before the Hon. Robert Ionta held on May 20, 2004, p. 8. Further, Movant accepted an early plea offer, waiving his indictment and substantially reducing the time available to counsel to conduct any investigation. In all, Movant has not shown that his attorney was ineffective for failing to investigate his case nor has he shown that he was prejudiced by the alleged failure.

     5. Movant asserts that he does not understand English. The Court notes that, regardless of Movant's English language skills, the transcript of both his sentencing hearing and his plea hearing indicate that a translator was present. In addition, Movant affirmed that the plea agreement was read to him in Spanish before he signed it and that the charge against him was read in Spanish. Transcript of Plea Hearing before the Honorable Robert Ionta held on May 20, 2004, pp. 6, 2. The plea agreement sets forth that Movant faced a maximum penalty of twenty years. Further, Movant affirmed to the Court at his plea hearing that no promises outside the written agreement had been made to him in order to induce him to plead guilty. Transcript of Plea Hearing before the Honorable Robert Ionta held on May 20, 2004, p. 8. More importantly, upon the Judge's questioning Movant

acknowledged that his attorney's estimate of his likely sentence was no more than an estimate and was not a promise. Id. at 5. Consequently, Movant's claims that his plea was involuntary due to his lack of understanding of the English language or due to his belief that it would result in a sentence of thirty-six months imprisonment are directly contradicted by the record of his responses at his plea hearing.

  6. A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying departure from the apparent truth of those statements. Hedman v. United States, 527 F.2d 20, 22 (10th Cir. 1975). One who contradicts statements made at a plea hearing faces a heavy burden when collaterally attacking the sentence imposed pursuant to that plea. See Worthen v. Meachum, 842 F.2d 1179 (10th Cir. 1988). Movant has not met that burden. The Supreme Court has held that "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Movant is not entitled to relief based upon his claims that his plea was involuntary due to his lack of understanding of the English language or due to his belief that it would result in a sentence of thirty-six months imprisonment as put forth in his motion to set aside his sentence.

  7. Further, Movant's assertion that he was not advised of his right to speak to the Mexican Consul cannot afford him relief. In its response to the instant motion, the Respondent asserts that Movant was informed of his right to request the notification of the Mexican Consul at his initial appearance before the Hon. Karen B. Molzen, United States Magistrate Judge, on April 9, 2005. Respondent cites to the tape recorded transcript of that appearance. Even if Movant had not been

notified of his right to contact the Mexican Consul, he is not entitled to *habeas* relief because he has not shown that the failure rendered his guilty plea involuntary. See Breard v. Greene, 523 U.S. 371, 377 (1998) (per curiam)("The Vienna Convention ... arguably confers on an individual the right to consular assistance following arrest....[However] [e]ven were [such claims] properly raised and proved, it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial."; see also United States v. Minjares-Alvarez, 264 F.3d 980, 986 (10th Cir.2001) (Suppression or dismissal of indictment not an appropriate remedy for alleged violation of right to consular notification).

**RECOMMENDED DISPOSITION:**

That the §2255 motion be denied and this matter dismissed with prejudice..

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**